## In re MARTIN.

(District Court, E. D. New York. March 25, 1907.)

**1. BANKRUPTCY—COMPOSITION.**
> A composition offered by a bankrupt and accepted by the requisite number of creditors considered and confirmed.

**2. SAME—COSTS—ATTORNEY'S FEES.**
> Where a composition offered by a bankrupt which includes the payment of all costs is confirmed after opposition, the bankrupt's attorney will not be allowed fees from the estate for his services in securing the confirmation.

In Bankruptcy. On motion to confirm composition.

Bernard G. Barton, for bankrupt.
Abr. A. Silberberg, opposed.

CHATFIELD, District Judge. A composition on a certain basis has been proposed, and between 50 and 60 per cent. of the creditors in amount have consented. Over 90 per cent. in number have consented; but, with one or two exceptions, the consenting creditors are creditors in small amounts. One of the two largest creditors is opposed. It may be questioned whether small creditors generally oppose as quickly as large, both because there is not so much involved, and because a large creditor can afford to pay the cost of opposition, as his saving, if any, would be greater. But the chief items about which argument is presented show an entirely different method of computation by the special commissioner and by the objecting creditors. The difference in the amount of the estate as estimated by the opposing parties arises as· follows:

| | Special Commissioner. | Objecting Creditors. |
|---|---|---|
| Outstanding accounts stated to be................. | | $2,192 66 |
| Of which bankrupt and special commissioner consider collectible.................................... | $1,137 70 | |
| Sales made by trustee and receiver................. | | 3,843 43 |
| Of which receiver has on ·hand, net............... | 900 00 | |
| Stock of paints, wall paper, etc...................... | | 2,669 60 |
| Furniture, horse, and wagon........................ | | 850 00 |
| For which bankrupt and special master estimate amount to be realized........................ | 2,000 00 | |
| | $4,037 70 | $9,555 69 |

The bankrupt makes an offer aggregating $3,772.49, together with the expenses and compensation of the various parties and officers who are entitled to compensation out of the estate. The largest item of

difference, that between the amount of sales and the cash now in the hands of the trustee, is a matter to be considered at the time of the submission of the trustee's account. If the trustee has but $900, net, on hand, the balance must have been paid out by the trustee during the continuance of the business, and cannot be charged against the bankrupt on an offer of compromise. Perhaps more could have been realized by an earlier sale, but this is not an objection to the composition.

As to the difference in bills receivable, the objecting creditors show nothing except that they state generally that the accounts were owed by the same persons to whom the receiver and trustee is now giving credit, and the bankrupt testified that these accounts were not closed up by the trustee. The evidence on which the report was made seems to have been the statements of the bankrupt and trustee that approximately $1,130 of these accounts were good; and general criticism of the estimate, without pointing out any errors, is not convincing.

The other item, viz., $2,000 for the sales value of goods appraised by Mr. Fitzsimmons at $3,519.60, including the fixtures and horse and wagon, on its face appears to be small; but an examination of the testimony shows that most of this stock consists of broken lots of wall paper, paint, etc., which (especially, the wall paper) have been in stock since last year, and even at auction would not find a ready sale. It seems reasonable that small lots of wall paper, of patterns not like patterns in present use, would bring greatly reduced prices at any kind of a sale.

Under these circumstances, and taking all of the items into consideration, and considering also that the business has been conducted since this question of a composition was first suggested, so that the value of the stock has certainly not increased, it seems that the report of the special commissioner should be confirmed, the specifications of objection dismissed, and the composition approved.

The attorney for the bankrupt has asked for an allowance in lieu of costs, in case he should prevail in having the composition confirmed. There is abundant authority to show that the court can allow costs in its discretion; but when the bankrupt offered a composition, under the circumstances, he must have known that he might meet with opposition, and on all the record it is impossible to hold that the opposition was unreasonable and without foundation.

The bankrupt must therefore pay his own attorney for his services with respect to these objections, and the application for costs will be denied.